UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:09-cr-508-T-33EAJ

ERIC SCOTT and GRETCHEN SCOTT
_____/

**ORDER**

This matter is before the Court pursuant to Defendants' Motion for Partial Dismissal of the Indictment (the "Motion" Doc. # 35), which was filed on April 5, 2010. The Government filed a Response in Opposition to the Motion (Doc. # 50) on April 20, 2010. For the reasons that follow, the Court denies the Motion.[1]

**Analysis**

In a three-count, superseding indictment, the Government has charged Defendants with conspiracy to defraud the United States, as well as bank fraud, and wire fraud. Defendants' Motion seeks dismissal of count one, which charges Defendants with conspiracy to defraud the United States by impeding, impairing, obstructing, and defeating the lawful governmental

---

[1] The Motion is directed at count one of the original indictment and was filed prior to the entry of the superseding indictment. Nevertheless, the Court rules on the Motion on the merits because count one of the original indictment and count one of the superseding indictment are substantially similar for the purpose of resolving the Motion.

functions of the Department of Housing and Urban Development
(HUD) in the administration of the Housing Choice Voucher
Program.[2]

The conspiracy charges against Defendants in count one,
which are challenged by the Motion, are governed by 18 U.S.C.
§ 371, which reads in pertinent part:

> If two or more persons conspire either to commit
> any offense against the United States, or to
> defraud the United States, or any agency thereof in
> any manner or for any purpose, and one or more of
> such persons do any act to effect the object of the
> conspiracy, each shall be fined under this title or
> imprisoned not more than five years or both.

18 U.S.C. § 371.

In the Motion, Defendants argue that the indictment does
not allege that Defendants dealt directly with HUD or caused
any intermediary, such as the St. Petersburg Housing
Authority, to make misrepresentations to HUD. Thus,
Defendants argue that there is no conspiracy to defraud the
United States and no violation of 18 U.S.C. § 371. In support
of this theory, Defendants rely on Tanner v. United States,
483 U.S. 107 (1987). Defendants' interpretation of Tanner,
however, is unworkably narrowly.

---

[2] Count One also alleges that Defendants conspired to commit bank fraud and wire fraud against the United States.

2

As pointed out by the Government, <u>Tanner</u> provides that "a conspiracy to defraud the United States may be effected in any manner and § 371 places 'no limits on the method used to defraud the United States.'" (Doc. # 50 at 2)(citing <u>Tanner</u>, 483 U.S. at 129).

<u>Tanner</u> held, "[A] method that makes uses of innocent individuals or businesses to reach and defraud the United States is not for that reason beyond the scope of § 371." The <u>Tanner</u> Court also held, "The conspiracies criminalized by § 371 are defined not only by the nature of the injury intended by the conspiracy, and the method used to effectuate the conspiracy, but also--and most importantly--by the target of the conspiracy." 483 U.S. at 130.

The Court has carefully reviewed <u>Tanner</u> in conjunction with the superseding indictment and finds that the superseding indictment properly charges a violation of § 371. The Court rejects Defendants' argument that the St. Petersburg Housing Authority, not HUD, was the target of the alleged conspiracy.

Further, the bulk of the other cases Defendants raise and discuss in the Motion pertain to the sufficiency of the evidence adduced at trial, rather than the sufficiency of the indictment, and, thus, are not pertinent to the Court's present inquiry.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendants' Motion for Partial Dismissal of the Indictment (Doc. # 35) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of April 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record