UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 8:09-cr-508-T-33EAJ

ERIC J. SCOTT and GRETCHEN R. SCOTT
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Gretchen R. Scott's second motion in limine (Doc. # 65), which was filed on May 21, 2010. On June 1, 2010, Defendant Eric J. Scott joined the motion in limine. (Doc. ## 67, 68). The Government filed a response in opposition to the motion in limine on June 8, 2010. (Doc. # 72). For the reasons that follow, the motion in limine is due to be denied.

**Analysis**

The Government filed a superseding indictment against Defendants on April 15, 2010, charging Defendants with conspiracy to commit an offense against or to defraud the United States in violation of 18 U.S.C. § 371; wire fraud of financial institutions in violation of 18 U.S.C. § 1343; and bank fraud in violation of 18 U.S.C. § 1344.

Particularly relevant to the pending motion in limine is the allegation in the indictment that "the defendants would and did agree not to demand or accept more than certain

amounts per month from the Housing Choice Voucher Program tenants as their share of the rent payments. . . . [And] the defendants would and did subsequently contact one of the aforementioned tenants and demand an additional amount per month from the tenant as increased rent." (Doc. # 41 at ¶¶ 12-13).

Defendants seek an order barring the Government from introducing evidence that Defendants charged one of their Housing Choice Voucher Program tenants, Tamara Williams, an extra $100.00 per month and, if applicable, a $25.00 monthly late fee. Defendants take the position that they entered into a legal contract with Ms. Williams to charge her additional rent because, rather than "renting" the Scotts' property, she was "leasing" it. In addition, Defendants argue that the evidence should be excluded under Rule 403 of the Federal Rules of Evidence.

The Court denies the motion in limine without extensive analysis. Defendants are charged with additional, unlawful rent, and the evidence in question, that they charged Ms. Williams extra rent, is directly on point. The evidence is admissible as "evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable . . . than it would be without the evidence."

2

Rule 401 Fed.R.Evid. Regardless of why Defendants entered into the agreement to charge Ms. Williams extra rent, such charging of extra rent and the circumstances surrounding the same are admissible. As stated by the Government, "The evidence which the defendant seeks to exclude . . . is, in fact, evidence which not only makes 'the existence' of facts alleged in the Overt Acts section of the instant indictment more 'probable'; it is evidence of the overt acts themselves." (Doc. # 72 at 2).

Defendants are free to present their theory of the case to the jury on this point, but the Court will not exclude the evidence in question on the grounds asserted in the motion in limine.

Rule 403 of the Federal Rule of Evidence is equally unavailing to Defendants. Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403 is an "extraordinary remedy which should be used sparingly" because it results in the exclusion of probative evidence. United States v. King, 713 F.2d 627, 631 (11th Cir. 1983).

In this case, Defendants argue that "if confronted with allegations that Mrs. Scott has engaged in HUD fraud, then the jury may be inflamed into concluding that she is probably guilty of the instant allegations of conspiracy, bank (mortgage), and wire fraud. Such a conclusion by the jury is exactly what Rule 403 seeks to prohibit . . ." (Doc. # 65 at 6).

As stated by the court in <u>United States v. Terzado-Madruga</u>, 897 F.2d 1099, 1119 (11th Cir. 1990), "All evidence which tends to establish the guilt of a defendant is, in one sense, prejudicial to the defendant." Defendants have failed to persuade the Court that the evidence in question is of such a character that its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. Thus, the Court denies the motion in limine.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendants' second motion in limine (Doc. # 65) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>10th</u> day of June 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4

Copies: All Counsel of Record