UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  CaseNo.8:09-cr-508-T-33EAJ

**ERIC J. SCOTT**

_____

**ORDER**

This cause comes on for consideration of Defendant's Motion for Judgment of Acquittal (D-142), Defendant's Motion for New Trial (D-143), and the Government's opposition thereto (D-145).

By way of background, Defendant was charged in a Superseding Indictment with conspiracy to defraud the United States and to commit offenses against the United States, namely bank fraud and wire fraud, in violation of 18 U.S.C. § 371 (Count One), wire fraud in violation of 18 U.S.C. § 1343 (Count Two), and bank fraud in violation of 18 U.S.C. § 1344 (Count Three).[1] Defendant's trial commenced on September 27, 2010. At the close of the

---

[1] Defendant's wife, Gretchen Scott, was also charged in all three Counts of the Superseding Indictment. She entered a guilty plea as to Count One pursuant to a written plea agreement and is scheduled to be sentenced on December 16, 2010.

Government's case-in-chief, Defendant moved for a judgment of acquittal as to all three Counts of the Superseding Indictment, arguing that the Government had not satisfied its burden of proving Defendant's guilt beyond a reasonable doubt. The Court denied the motion and found sufficient evidence presented at trial for a jury to find Defendant guilty beyond a reasonable doubt.

Defendant testified in his own defense. In essence, Defendant testified that he had been unaware of any of the fraudulent activities at the time they occurred. The Government did not present a rebuttal case. At the close of the evidence, Defendant renewed his motion for judgment of acquittal which the Court denied. On September 30, 2010, a jury found Defendant guilty of all three counts of the Superseding Indictment.

Defendant timely filed his motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(c) and motion for new trial pursuant to Fed.R.Crim.P. 33(a). With regard to his motion for judgment of acquittal, Defendant contends that the evidence was insufficient to find him guilty beyond a reasonable doubt of any charge of the

Superseding Indictment. He argues the evidence was entirely exculpatory and that the Government's exhibits do not show any fraudulent or illegal behavior on Defendant's behalf. Defendant also argues that a judgment of acquittal should be granted as to Count One to the extent it alleges a conspiracy to defraud the United States. Specifically, Defendant argues that Defendant did not deal directly with HUD or cause the St. Petersburg Housing Authority to make a misrepresentation to HUD.

With regard to his motion for new trial, Defendant argues that the jury's verdict represents a serious miscarriage of justice. As a separate basis for new trial, Defendant asserts that the jury panel was very likely confused from the outset when the Court read the Superseding Indictment without including reference to co-defendant Gretchen Scott and stated that Gretchen Scott had been dropped from the case, and then stated that she had also been charged.

The Court addresses each motion in turn.

**I.  Motion for Judgment of Acquittal**

Rule 29 provides in relevant part that a court "[s]hall order the entry of judgment of acquittal ... if the evidence is insufficient to sustain a conviction of such offense or offenses." Fed.R.Crim.P. 29.  "In considering a Rule 29 Motion for Judgment of Acquittal, the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in the jury's verdict, United States v. Brand, 775 F.2d 1460 (11th Cir. 1985), a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt."  United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) ( citing United States v. Cole, 755 F.2d 748 (11th Cir. 1985)).

As indicated, Defendant previously raised at trial his argument with regard to the sufficiency of the evidence, and the Court denied his motion for judgment of acquittal.  Now, after viewing the evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, the Court again finds that there was

4

sufficient evidence from which a reasonable jury could find the Defendant guilty beyond a reasonable doubt of Counts One, Two, and Three of the Superseding Indictment.

With regard to Defendant's additional argument for a judgment of acquittal as to Count One to the extent it alleges a conspiracy to defraud the United States, Defendant relies on United States v. Tanner, 483 U.S. 107 (1987)[2], and United States v. Mendez, 528 F.3d 811 (11th Cir.), cert. denied, 129 S.Ct. 292 (2008). In Tanner, the defendants, who were convicted of conspiracy to defraud the United States under § 371, argued that their convictions should be reversed because they conspired to defraud Seminole Elective Cooperative, Inc., a private corporation. The government argued that because a federal agency gave Seminole financial assistance and supervised the progress of the project, Seminole was an agent of the United States for purposes

---

[2] The Court has twice rejected Defendant's reading of Tanner. In this regard, by order dated April 21, 2010, the Court found that Defendant's interpretation of Tanner was unworkably narrow. The Court further rejected Defendant's argument that the St. Petersburg Housing Authority, not HUD, was the target of the conspiracy and therefore denied Defendant's partial motion to dismiss. (D-54.) At trial, the Court rejected Defendant's contention that a judgment of acquittal as to Count One was required under Tanner.

5

of § 371.  The Supreme Court rejected the government's argument.  Id. at 129-132.

The Supreme Court recognized, however, that "the broad language of § 371, covering conspiracies to defraud 'in any manner for any purpose,' puts no limits based on the *method* used to defraud the United States.  A method that makes use of innocent individuals or businesses to reach and defraud the United States is not for that reason beyond the scope of § 371."  Tanner, 483 U.S. at 129.

In Mendez, the Eleventh Circuit reversed the defendant's conviction for conspiracy to defraud the United States in violation of 18 U.S.C. § 371.  Before the district court, the defendant and the government entered into a trial stipulation that the defendant obtained a Florida commercial driver's license using a fraudulent Department of Army "Operatory Qualification Record" form.  The defendant, who had difficulty reading and writing English, purchased the form for $1,000 from a man wearing a United States military uniform.  The defendant, however, did not know the purpose of the form

or that it was a Department of Army form.  The district court did not hear any testimony and found defendant, who had waived his right to a jury trial, guilty.  528 F.3d at 813-14.

On appeal, the defendant argued that, while he defrauded the Florida DMV, the record did not support a finding that he intended to defraud the U.S. Department of Transportation.  He further argued that there was no evidence that he knew of any connection between the Florida commercial driver's license (CDL) and the federal government.  The Eleventh Circuit, in reversing the defendant's § 371 conviction under <u>Tanner</u>, found that, "the facts to which the parties stipulated do not show that Mendez even knew the federal government was involved in the issuance of Florida CDLs, let alone the United States for the ultimate intentioned target of Mendez's conduct."  528 F.3d at 815.

The government, in arguing that it was reasonable to infer the defendant knew of federal involvement in the issuance of Florida CDLs, pointed to references to federal law in the Florida CDL handbook and on the

Florida DMV website. The court, however, reasoned that those facts were not included in the trial stipulation and, as such, were not part of the record. The court further reasoned that even accepting the facts as circumstantial evidence, the evidence would not be sufficient to support a conviction given the defendant's difficulty reading English. The court therefore concluded that the United States was not the target of Mendez's crime. Id. at 816-17.

Mendez is distinguishable from this case. Here, the documentary evidence at trial is replete with references to HUD and Federal regulations governing the Housing Choice Voucher Program. (GX 11, 11a, 12, 12a, 12b, 21.) Multiple of these documents were signed by Defendant Eric Scott. (GX 11, 12a, 21.)

This Court's own research has led to United States v. Trent, 306 Fed. Appx. 482 (11th Cir. 2009) (per curiam).[3] In Trent, the defendant, the executive director of the Brooksville Housing Authority (BHA), a public housing

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

authority established under federal law, argued on appeal that the government had failed to show that she conspired to defraud the United States under 18 U.S.C. § 371. The defendant, relying on Tanner, specifically argued that her offenses targeted BHA rather than HUD. 306 Fed Appx. at 489. The Eleventh Circuit, in rejecting the defendant's argument, explained:

> Tanner specifically held that a conspiracy to defraud the United States may be accomplished through an intermediary, such as BHA. Because Trent does not dispute that there was sufficient evidence to show that she defrauded the BHA, the district court did not err, much less plainly err, in denying her motion for judgment of acquittal in this regard.

Trent, 306 Fed. Appx. at 489-90.

In this case, there is sufficient evidence that Defendant conspired to defraud and defrauded the St. Petersburg Housing Authority. Furthermore, the Court finds that there is sufficient evidence for the jury to reasonably conclude Defendant was aware of HUD's involvement in the Housing Choice Voucher Program and that HUD was the target of the conspiracy.

Moreover, the Government correctly points out that

Count One of the Superseding Indictment charged two alternative violations in the conjunctive. Specifically, the Superseding Indictment charged a conspiracy to defraud and a conspiracy to commit offenses against the United States, that is bank fraud and wire fraud. "Where an indictment alleges conspiracy with multiple objectives, the evidence need only support one of the purposes of the conspiracy in order to sustain the conviction." United States v. Harmas, 974 F.2d 1262, 1267 (11th Cir. 1992). There was sufficient evidence to find that Defendants conspired with others to commit wire fraud and bank fraud. As such, Defendant is not entitled to a judgment of acquittal as to Count One.

**II. Motion for New Trial**

As to Defendant's motion for new trial, Rule 33(a), Fed. R. Crim. Pro., provides that the Court may grant a new trial "if the interests of justice so require." The burden, of course, is on the defendant to establish that a new trial should be granted. To warrant a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice

to let the verdict stand." United States v. Fernandez, 905 F.2d 350, 352 (11th Cir. 1990) (citing United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985)). Moreover, the Court must find that the verdict is against the great weight of evidence in order to grant a new trial on evidentiary grounds. United States v. Sullivan, 1 F.3d 1191, 1196 (11th Cir. 1993) (citing Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)). Notably, motions for new trial based on the weight of evidence are not favored, and are granted only in exceptional cases. Martinez, 763 F.2d. at 1312.

The Court finds that the interest of justice does not require a new trial in this case. The evidence did not preponderate heavily against the verdict. As the jury's finding Defendant guilty as to all counts of the Superseding Indictment does not amount to a serious "miscarriage of justice," Defendant is not entitled to the relief he seeks.

As previously indicated, Defendant also contends that he is entitled to a new trial because the jury was "very likely confused" when the Court, in reading the

Superseding Indictment to the venire, omitted some references to co-defendant Gretchen Scott, "then stat[ed] that Gretchen Scott had been dropped from the case; and then stat[ed] that she had also been charged." (D-143, p. 4, ¶ 15.)

Defendant is not entitled to relief with regard to this claim. At the beginning of jury selection, the Court read the Superseding Indictment to the venire panel to determine whether anyone on the panel was familiar with the case. In doing so, the Court omitted references to co-Defendant Gretchen Scott on several occasions.[4] Counsel for Defendant objected to the Court's omissions at a sidebar conference. The Court informed counsel that it would provide the jury with a copy of the Superseding Indictment for its deliberations. Furthermore, the Court told the venire panel that, "Gretchen Scott is named in the Superseding Indictment, but she is not actually a defendant in this case." The Court explained that while Gretchen Scott was involved in the various transactions

---

[4] None of trial proceedings have been transcribed. However, the audio recording reflects the above colloquy.

charged, "she is not named as a defendant in this case," and that the jury would be deciding whether Eric Scott was guilty or not guilty.

A second sidebar was held at the request of defense counsel. After the completion of the sidebar, the Court clarified to the venire panel as follows: "[t]o summarize, Gretchen R. Scott is a defendant named in the Indictment but is not on trial in this case."

There is no evidence that the jury was confused by the Court's reading of the Superseding Indictment at the commencement of jury selection or the Court's comments as they related to Gretchen Scott. Moreover, the Court specifically clarified to the venire panel that co-defendant Gretchen Scott, while named in the Indictment, was not on trial. Additionally, at the close of the case, the Court instructed the jury that the "Superseding Indictment or formal charge against a defendant isn't evidence of guilt." (D-133, p. 2.) Furthermore, the Court provided the jury with an unredacted copy of the Superseding Indictment to aide in its deliberations. The Court therefore finds that the Court's reading of the

13

Superseding Indictment and related comments about Gretchen Scott did not affect Defendant's substantial rights, and there has been no miscarriage of justice.

The Court ORDERS as follows:

(1) Defendant's Motion for Judgment of Acquittal (D-142) and Defendant's Motion for New Trial (D-143) are DENIED.

DONE AND ORDERED in Tampa, Florida this 23rd day of November, 2010.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE